## No. 4968.

### JOHN I. ADAMS *v.* ASA WEBSTER.

Section 8 of act No. 47, of 1873, which disqualifies as a witness a delinquent taxpayer, published as such for thirty days, is unconstitutional.

This provision of the act under consideration is a regulation or rule of evidence enacted by the Legislature. The title of the act should then give some indication of it, which it does not. No one upon reading that title would imagine that the act contained any provision upon the rules of evidence or the right to be a witness in a court of justice.

APPEAL from the Fifteenth Judicial District Court, parish of Lafourche.   *Beattie,* J.   Jury trial.   *Bush & Goode,* for plaintiff and appellee.   *R. D. Jordan, E. W. Blake, John S. Billin,* for defendant and appellant.

HOWELL, J.   This case was before us in the January term of 1873, and was remanded for a new trial.   See 25 An. 113.

Upon the trial below the defendant filed the special plea of payment

and offered his own testimony to sustain the plea, but it was excluded on the objection of plaintiff, upon the ground that he was disqualified as a witness, under section 8 of act No. 47 of 1873, being a delinquent taxpayer and published as such for thirty days.

It is contended by defendant that this provision of said act is in violation of article 114 of the Constitution, because its object is to establish a rule of evidence, and is not expressed in the title. The title is "An Act to enforce the payment of taxes due the State, providing for the seizure and sale of the property of delinquent taxpayers, and regulating the proceedings against them and against their property and tenants."

Section 8 directs the Auditor to publish the names of the delinquent taxpayers, with the residence of and the amount due by each," and such delinquent taxpayer shall, after thirty days, forfeit his right to bring suit or be a witness for or in his own behalf, before any justice, parish, district or State court, etc."

Plaintiff's counsel, in his brief, says: "that the Legislature has authority to close the door of the courts to any litigant by inhibiting him from bringing or defending suits, is a proposition too monstrous to be entertained for a moment, but the question of evidence is one exclusively under legislative control. The courts of the country are open to all, whether native born or alien, but no one has a constitutional right to give testimony."

This virtually admits that the provision of the act under consideration is a regulation or rule of evidence enacted by the Legislature. The title of the act should then give some indication of such object. No one, we presume, upon reading the above title, would imagine that the act contained any provision upon the rules of evidence, or the right to be a witness in a court of justice. We must, consequently, hold such a provision unconstitutional, and give the defendant an opportunity to be heard as a witness.

It is therefore ordered the judgment and verdict herein be set aside, and this cause remanded to be proceeded in according to law, costs of appeal to be paid by appellee.